Filed 6/30/16  P. v. Casler CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H042864 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS111286A) |
| v. | |
| GREGORY CASLER, | |
| Defendant and Appellant. | |

In 2012, defendant Gregory Casler was convicted by jury of inflicting corporal injury on a cohabitant, making a criminal threat, and battery (Pen. Code,[1] §§ 273.5, subd. (a); 422; and 243, subd. (d)).  The jury also found true an allegation that defendant had personally inflicted great bodily injury (§ 12022.7, subd. (e)).  At sentencing, the court imposed a seven-year prison sentence, suspended execution of that sentence, and granted defendant four years probation.  Defendant did not appeal that judgment.

In 2014, while on probation, defendant was charged in two new felony cases with additional acts of domestic violence, assault, assault with a deadly weapon, and violating a protective order (§§ 273.5; 245, subds. (a)(1), (4); and 166, subd. (c)(1)).  Both times, the prosecution filed a petition charging defendant with violating his probation based on the new criminal charges and on other non-criminal acts.  The court revoked probation.  After defendant pleaded no contest to some of the charges in the new cases, the court

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

found that he had violated his probation, lifted the suspension, and ordered that the previously imposed seven-year sentence be executed. Defendant challenges that order in this appeal.

We appointed counsel to represent defendant in this court. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which stated the case and the facts but raised no specific issues on appeal. We notified defendant of his right to submit written argument on his own behalf within 30 days. The 30 days have elapsed, and we have received no written argument from defendant. After reviewing the entire record, we will conclude there is no arguable issue on appeal and we will affirm the order lifting the suspension on the previously imposed prison sentence and ordering execution of that sentence. We will also direct the clerk of the court to correct clerical errors on the abstract of judgment and the minute order of the sentencing hearing.

## FACTS

In December 2010, defendant and L. C. (Victim) met at a residential drug and alcohol treatment program. They were both in recovery. Defendant was addicted to prescription drugs. Victim abused alcohol.

Three months later, defendant moved in with Victim. Shortly thereafter, defendant's 17-year-old daughter (Daughter) moved in with them. Defendant and Victim lived together for about three months and then broke up. Thereafter, defendant maintained his sobriety, but Victim relapsed and started abusing alcohol again. After the break up, defendant and Daughter moved out of Victim's home, but because Daughter preferred living with Victim, she returned to live with her.

On June 11, 2011, defendant went to Victim's house. Defendant was angry because Victim had broken her sobriety and was "sheltering" Daughter. He told Victim, "If you don't let me take my daughter, I'm going to kill you." Defendant then punched

2

Victim in the face, causing her to fall and hit her head on an unknown object. When Victim was on the floor, defendant kicked her multiple times and said, "You don't deserve to live."

Victim did not report the assault to the police, but she told her father about it. Two days after the assault, Victim's father asked the police to do a welfare check on Victim. When police officers contacted Victim on June 13, 2011, they observed a golf-ball-sized contusion on the back of her head, dried blood in her hair, a gash on her nose, abrasions near her right eyebrow, lacerations near her right eye and on her right nostril, and bruising and swelling of her right foot. At the hospital, Victim's injuries were diagnosed as (1) contusions to the back of her head, face, left foot, and right shoulder; (2) a non-displaced fractured of her jaw; and (3) a closed head injury. Victim also suffered post traumatic stress and required counseling.

## PROCEDURAL HISTORY

Defendant was charged with three felonies: (1) inflicting corporal injury on a cohabitant (§ 273.5, subd. (a), count 1), with an enhancement allegation that defendant personally inflicted great bodily injury (§ 12022.7, subd. (e)); (2) battery with serious bodily injury (§ 243, subd. (d), count 2); and (3) making a criminal threat (§ 422, count 3). The case went to trial in May 2012. The jury found defendant guilty on all three counts. The jury also found true the allegation that defendant personally inflicted great bodily injury.

Defendant filed a motion for new trial, in which he argued there was insufficient evidence to support the verdict on the criminal threats count. He contended that the statement he had made—"You don't deserve to live"—reflected his opinion of Victim and was not a threat. The court denied the new trial motion.

3

At sentencing, the probation department reported that defendant's criminal history included nine misdemeanor convictions between 1996 and 2007, the majority of which resulted in grants of probation. His prior offenses included damaging or tapping a telephone or cable television line (§ 591), violating a protective order (§ 273.6, subd. (a)), public intoxication (§ 647, subd. (f)), driving under the influence (Veh. Code, § 23152, subd. (b)), driving without a license (Veh. Code, § 12500, subd. (a)), and reckless driving (Veh. Code, § 23103.5, subd. (a)). While this case was pending, defendant was arrested in two separate incidents for: (1) misdemeanor theft, and (2) driving on a suspended license and using a false registration.

The court imposed a seven-year prison sentence, which included: (1) a three-year term for inflicting corporal injury on a cohabitant; (2) a consecutive four-year term for the bodily injury enhancement; and (3) a concurrent two-year term for the criminal threat. The court stayed the punishment on the battery count under section 654. The court then found that there were "unusual circumstances" that warranted suspending execution of the sentence and granting probation. The court granted four years probation with terms and conditions that defendant agreed to, including one year in county jail, and no possession or use of alcohol or other controlled substances. The court also imposed fines and fees, including a restitution fine of $720 (§ 1202.4, subd. (b)), and reserved jurisdiction to order victim restitution. Defendant did not appeal the judgment. At a later hearing, the parties stipulated to victim restitution in the amount of $40,000.

On June 8, 2014, while on probation, defendant was once again arrested for domestic violence. The prosecution filed a new felony complaint (case No. SS141456A) charging defendant with corporal injury on a cohabitant (§ 273.5), assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)), and assault with a deadly weapon (§ 245, subd. (a)(1)). The prosecution also charged defendant with probation violations

4

(§ 1203.2) in this case based on the new criminal offenses and for possessing and consuming alcohol.

In October 2014, defendant admitted that he had violated his probation by possessing alcohol. The district attorney stated that she was satisfied with the admission and would not prosecute the other alleged probation violations.

In November 2014, the prosecution filed a third felony complaint (case No. SS142863A) charging defendant with: corporal injury on a cohabitant (§ 273.5), assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)), assault with a deadly weapon (§ 245, subd. (a)(1)), and 36 misdemeanor counts of violating a protective order (§ 166, subd. (c)(1)). These new crimes occurred between June 8 and November 4, 2014. The prosecution also filed a second petition in this case, which charged defendant with probation violations based on his new offenses and alleged that defendant had violated his probation by using methamphetamine in 2014.

In February 2015, defendant admitted a probation violation based on two counts of violating a protective order. On July 20, 2015, the court held a hearing on the third felony case (case No. SS142863A) and on the second petition alleging probation violations. The parties entered into a plea agreement in the third felony case in which defendant pleaded no contest to 18 counts of violating a protective order. (The remaining counts in the third felony case were dismissed.) Based on defendant's plea, the court found that defendant had violated his probation in this case.

At sentencing on the probation violations on September 30, 2015, the court revoked and terminated defendant's probation, lifted the suspension on the execution of his sentence, and sentenced defendant to the previously imposed seven-year prison term, with credit for 795 days in jail (692 actual days, plus 103 good time credits). The court also imposed the previously suspended $720 probation revocation restitution fine

5

(§ 1202.44) and imposed and suspended a parole revocation restitution fine (§ 1202.45) in the same amount.

## DISCUSSION

We have independently reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436. Based upon that review, we conclude there is no arguable issue on appeal. The trial court did not abuse its discretion when it revoked probation, lifted the suspension on execution of defendant's sentence, and ordered execution of the previously imposed seven-year prison sentence after defendant admitted multiple probation violations. We will therefore affirm the court's September 30, 2015 order. During our review of the record, however, we noted that the minute order of the September 30, 2015 sentencing hearing and the abstract of judgment do not reflect the court's disposition with regard to count 2—battery with serious bodily injury (§ 243, subd. (d)). The jury found defendant guilty of count 2 and the court stayed the punishment on that count pursuant to section 654. We will therefore direct the clerk of the court to amend the minute order and the abstract of judgment to reflect the disposition on count 2.

## DISPOSITION

The court's order revoking and terminating probation, and lifting the suspension on the execution of the previously imposed prison sentence, is affirmed. The clerk of the court is directed to prepare (1) an amended minute order for the September 30, 2015 hearing and (2) an amended abstract of judgment. The amended minute order and abstract of judgment shall reflect the jury's guilty verdict on count 2 and the court's order staying the punishment on that count pursuant to section 654.

6

_____
Márquez, J.

WE CONCUR:

_____
Rushing, P. J.

_____
Premo, J.

No. H042864
People v. Casler